ORIGINAL

FILED

NOV - 3 2014

U.S. COURT OF
FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CLARENCE CERF,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>    Defendant. | No. 14-806-LB<br>Judge L. Block |

### DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC), defendant, the United States, respectfully requests that the Court dismiss the *pro se* complaint of plaintiff, Clarence Cerf, for lack of subject matter jurisdiction.

### BACKGROUND[1]

Mr. Cerf filed a thirty-eight page, handwritten complaint in which he seeks two injunctions. *See* Compl. at p 37. First, Mr. Cerf seeks to enjoin the State of Texas from employing certain surgical implants and mind-control chemicals as a means of obtaining confessions and other incriminating evidence during criminal investigations. *Id.* Second, Mr. Cerf seeks an order requiring the Surgeon General to medically examine the devices allegedly implanted in his eyes by the State of Texas. *Id.* According to Mr. Cerf, these injunctions are necessary to prevent the continuing unconstitutional actions of various state and federal officials. Compl. pp 15, 19, 21-24.

---

[1] The factual allegations described herein are derived from Mr. Cerf's complaint and are accepted as true for purposes of this motion. We reserve the right to challenge these allegations in any subsequent filing should this motion be denied.

## ARGUMENT

I. <u>Standard Of Review For Motion To Dismiss Under RCFC 12(b)(1)</u>

Subject matter jurisdiction is a threshold inquiry, without which "the court cannot proceed." *Spencer v. United States*, 98 Fed. Cl. 349, 355 (2011); *see also* RCFC 12(h)(3). The "plaintiff, bears the burden of establishing the court's jurisdiction over his claims by a preponderance of the evidence." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011). As a *pro se* plaintiff, Mr. Cerf is not exempt from satisfying this jurisdictional requirement; however, the Court must accept as true all undisputed facts asserted in his complaint and draw all reasonable inferences in his favor. *Id*; *see also Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

II. <u>The Court Does Not Possess Jurisdiction To Entertain Mr. Cerf's Claims</u>

Mr. Cerf's complaint fails to articulate a claim within the Court's jurisdiction for three fundamental reasons. First, the defendants named in Mr. Cerf's complaint are not proper defendants in this Court. Second, the Court does not possess jurisdiction to address the constitutional violations alleged by Mr. Cerf. Third, the Court is not empowered to issue injunctive relief under the circumstances alleged by Mr. Cerf. As such, the basis for Mr. Cerf's claims, as well as the relief he seeks, are outside the Court's limited jurisdiction.

As a preliminary matter, "the only proper defendant for any matter before this court is the United States, not its officers, nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Here, Mr. Cerf identified nine individuals affiliated with the State of Texas and three affiliated with the Federal Government who have all allegedly violated his constitutional rights. *See, e.g.*, Compl. at pp. 5, 21. However, the Court does not possess jurisdiction over an action alleging constitutional violations by the individuals named by Mr. Cerf. *See Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants

2

the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

Furthermore, even assuming for the sake of argument that Mr. Cerf properly named the United States as the defendant, the Court still cannot entertain his constitutional and civil rights claims. Pursuant to the Tucker Act, the Court's jurisdiction "is based upon actions involving the following: (1) contracts with the United States; (2) illegal exactions of money by the United States; and (3) money-mandating constitutional provisions, statutes, regulations, or executive orders." *Spencer*, 98 Fed. Cl. at 355. The Tucker Act does not grant the Court the authority to hear "every claim involving, or invoking, the Constitution." *Stamps v. United States*, 73 Fed. Cl. 603, 609 (2006) (interpreting 28 U.S.C. § 1491(a)(1)).

The First Amendment, the Due Process Clause, and the Equal Protection Clause are not "money-mandating," and thus claims based on these constitutional provisions are beyond the Court's jurisdiction. *Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983). *See also Stephenson*, 58 Fed. Cl. at 191 ("[A]ll of the constitutional provisions and statutes relied upon by plaintiffs . . . are facially, and therefore legally, beyond the narrow scope of review permitted by Congress for this court.").

Here, Mr. Cerf alleges that the requested injunctions are necessary to remedy past and prevent future unconstitutional conduct by certain governmental officials. *See, e.g.,* Compl. pp 15, 19, 21-24. However, Mr. Cerf's claims based upon the First Amendment and the Due Process and Equal Protection Clauses are outside the Court's limited jurisdiction and should be dismissed accordingly.

Finally, Mr. Cerf's requests for injunctive relief are beyond the Court's jurisdiction

159 F.3d 573, 580 (quoting 28 U.S.C. § 1491(a)(2)). The Court "has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" *Id.* (quoting *Austin v. United States*, 206 Ct. Cl. 719, 723 (1975)). Here, Mr. Cerf neither seeks a monetary judgment nor bases his request for injunctive relief on a money-mandating statute. Rather, his claims are based upon various constitutional provisions and civil rights laws that are beyond the scope of the Court's jurisdiction. As a result, the Court lacks jurisdiction to award the injunctive relief sought by Mr. Cerf.

## CONCLUSION

For the foregoing reasons we respectfully request that the Court dismiss the complaint.

Dated: November 3, 2014

Respectfully submitted,

JOYCE R. BRANDA
Acting Assistant Attorney General

ROBERT E. KIRSCHMAN, JR.
Director

/s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Assistant Director

/s/ Christopher L. Harlow
CHRISTOPHER L. HARLOW
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington D.C. 20044
Telephone: (202) 353-0534
Facsimile: (202) 514-8624
Christopher.L.Harlow@usdoj.gov

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on November 3, 2014, I caused to be mailed (first class, postage paid) a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" addressed as follows:

> Clarence Cerf
> 145508
> Jim Ferguson Unit
> 12120 Savage Drive
> Midway, TX 75852

_____
*[signature]*